**UNITED STATES of America,**
**Plaintiff,**

v.

**William H. CRUEZ, an individual trading**
**as East Side Herb Company,**
**Defendant.**

**Crim. No. 18543.**

United States District Court
E. D. Illinois.

June 20, 1956.

**230**

C. M. Raemer, U. S. Atty., Edward G. Maag, Asst. U. S. Atty., and Jack C. Morris, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff.

James McRoberts and John J. Hoban, McRoberts & Hoban, East St. Louis, Ill., for defendant.

WHAM, District Judge.

This is a criminal proceeding brought under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq.

This proceeding arises on an indictment which charges the defendant, William H. Cruez, in ten counts with violations of Title 21 U.S.C.A. § 331(a) and in the eleventh count with a violation of Title 21 U.S.C.A. § 331(f).

This cause was submitted to the Court for trial on June 11, 1956, without a jury, after the defendant had waived his right to trial by jury, by written consent in open court.

Therefore, the Court having considered all the evidence educed, the arguments of counsel, and the law applicable thereto, does make the following findings of fact:

**Findings of Fact**

1. The defendant, William H. Cruez, is an individual trading as East Side Herb Company, with offices and place of business in the City of East St. Louis, Illinois, and the defendant is the person actively engaged in the operation of said business.

2. The indictment charges in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, that the defendant, at East St. Louis, Illinois, in this district, caused to be introduced and delivered for introduction in interstate commerce for delivery to various places in the State of Missouri, certain drugs which drugs were alleged to be misbranded within the meaning of Title 21 U.S. C.A. § 352(f) (1), in that the label of the drug and the various sales alleged in said counts, failed to bear adequate directions for use in the treatment of the conditions which the defendant orally prescribed said drugs. Count eleven of the indictment charges defendant with a violation of Title 21 U.S.C.A. § 331(f), in that he unlawfully refused entry to and inspection of his business establishment by inspectors of the Federal Food, Drug and Cosmetic Administration.

3. As to Count One, the Court finds; that on February 23, 1955, the defendant sold to Kenneth E. Kimlel, an Inspector of the United States Food and Drug Administration, a drug described as "Herb Tonic Formula No. 3", which defendant orally represented to Inspector Kimlel, was a remedy for treatment of arthritis;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector Kimlel resided in Affton, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector Kimlel did not state that the drug

was a remedy for treatment of arthritis or any other disease or affliction;

The Court Further Finds that said drug was transported by Inspector Kimlel from East St. Louis, Illinois, to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

4. As to Count Two, the Court finds; that on February 23, 1955, the defendant sold to Kenneth E. Kimlel, a drug described as "Cold Salve", which defendant orally represented to Inspector Kimlel, was a remedy for treatment of arthritis;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector Kimlel resided in Affton, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the jar containing said drug at the time of sale to Inspector Kimlel, did not state that the drug was a remedy for the treatment of arthritis;

The Court Further Finds that said drug was transported by Inspector Kimlel from East St. Louis, Illinois, to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

5. As to Count Three, the Court finds; that on March 3, 1955, the defendant sold to Kenneth E. Kimlel, a drug described as "Herb Tonic Formula No. 3", which defendant orally represented to Inspector Kimlel, was a remedy for treatment of arthritis;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector Kimlel resided in Affton, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector Kimlel, did not state that the drug was a remedy for treatment of arthritis;

The Court Further Finds that said drug was transported by Inspector Kimlel from East St. Louis, Illinois to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

6. As to Count Four, the Court finds; that on March 10, 1955, the defendant sold to Inspector Kenneth E. Kimlel, a drug described as "Herb Tonic Formula No. 3", which defendant orally represented to Inspector Kimlel as a remedy for treatment of arthritis;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector Kimlel resided in Affton, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector Kimlel, did not state that the drug was a remedy for treatment of arthritis;

The Court Further Finds that said drug was transported by Inspector Kimlel from East St. Louis, Illinois to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act,

which conviction had become final before the violation charged in this count was committed.

7. As to Count Five, the Court finds; that on April 12, 1955, the defendant sold to Charles R. McDonald, an Inspector of the United States Food and Drug Administration, a drug described as "Herb Tonic Formula No. 4", which defendant orally represented to Inspector McDonald, was for use as a treatment for diabetes;

The Court Further Finds that this sale was made by defendant after defendant had knowledge that Inspector McDonald resided at LeMay, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector McDonald, did not state that the drug was a treatment for diabetes or any other disease or affliction;

The Court Further Finds that said drug was transported by Inspector McDonald from East St. Louis, Illinois to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

8. As to Count Six, the Court finds; that on April 12, 1955, the defendant sold to Charles R. McDonald, an Inspector of the United States Food and Drug Administration, a drug described as "Herb Tonic Formula No. 1", which defendant orally represented to Inspector McDonald, was a remedy for use as a treatment for ulcers;

The Court Further Finds that this sale was made by defendant after defendant had knowledge that Inspector McDonald resided at LeMay, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector McDonald, did not state that the drug was a treatment for ulcers or any other disease or affliction;

The Court Further Finds that said drug was transported by Inspector McDonald from East St. Louis, Illinois, to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

9. As to Count Seven, the Court finds; that on April 12, 1955, the defendant sold to Charles R. McDonald, an Inspector of the United States Food and Drug Administration, a drug described as "Formula No. 556", which defendant orally represented to Inspector McDonald as a laxative to be used in the treatment of ulcers;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector McDonald resided at LeMay, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector McDonald, did not state that the drug was a treatment for ulcers or any other disease or affliction;

The Court Further Finds that said drug was transported by Inspector McDonald from East St. Louis, Illinois, to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before

the violation charged in this count was committed.

10. As to Count Eight, the Court finds; that on April 15, 1955, the defendant sold to Charles R. McDonald, an Inspector of the United States Food and Drug Administration, a drug described as "Herb Tonic Formula No. 4" which defendant orally represented to Inspector McDonald as a treatment for diabetes;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector McDonald resided at LeMay, in the State of Missouri, and would return to Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector McDonald, did not state that the drug was a treatment for diabetes or any other disease or affliction;

The Court Further Finds that said drug was transported by Inspector McDonald from East St. Louis, to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

11. As to Count Nine, the Court finds, that on May 13, 1955, the defendant sold to Charles H. Eisenberg, an Inspector of the United States Food and Drug Administration, a drug described as "Herb Tonic Formula No. 4", which defendant orally represented to Inspector Eisenberg, as a treatment for diabetes;

The Court Further Finds that said sale was made by defendant after defendant had knowledge that Inspector Eisenberg, resided in the State of Missouri, and would deliver said drug to LeMay, in the State of Missouri;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Inspector Eisenberg, did not state that the drug was a remedy for treatment of diabetes, or any other disease or affliction;

The Court Further Finds that said drug was transported by Inspector Eisenberg from East St. Louis, Illinois, to the State of Missouri;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

12. As to Count Ten, the Court finds; that on August 1, 1955, the defendant sold to Mrs. Anna Mae Jundt, a housewife, residing at 4731 Minnesota Avenue, St. Louis, Missouri, a drug described as "Herb Tonic Formula No. 3" which defendant orally represented to Mrs. Jundt as a treatment for swollen ankles;

The Court Further Finds that Mrs. Anna Mae Jundt, traveled from St. Louis, in the State of Missouri, to East St. Louis, Illinois, to consult with defendant about her physical condition, and the Court finds that she made this trip after she had heard of the defendant's remedies from her neighbors in St. Louis, Missouri;

The Court Further Finds that Mrs. Anna Mae Jundt, informed the defendant that she resided at 4731 Minnesota Avenue, St. Louis, Missouri, after defendant had asked her place of residence;

The Court Further Finds that said sale by defendant to Mrs. Anna Mae Jundt, was made after the defendant had knowledge that Mrs. Jundt resided in St. Louis, Missouri, and would return to the State of Missouri with said drug;

The Court Further Finds that the label which was on the bottle containing said drug at the time of sale to Mrs. Jundt, did not state that the drug was a remedy for treatment of swollen ankles, or any other disease or affliction;

The Court Further Finds that said drug was transported by Mrs. Jundt from East St. Louis, Illinois, to the State of Missouri;

The Court Further Finds that it was Mrs. Jundt's intention to use, and the Court finds that she did use, said drug as a treatment for her swollen ankles;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

13. As to Count Eleven, the Court finds, that on May 18, 1955, Henry Roberts and Henry Hradil, were inspectors of the United States Food and Drug Administration, assigned to the St. Louis District of said Food and Drug Administration;

The Court Further Finds that Inspectors Roberts and Hradil on said date in the course of their official duties, appeared at defendant's place of business in East St. Louis, Illinois, and presented defendant with a written notice of inspection, pursuant to Section 704(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 374(a);

The Court Further Finds that Inspectors Roberts and Hradil, presented their official credentials at said time and place, to the defendant, and requested permission to make the inspection in accordance with the written notice served upon the defendant;

The Court Further Finds that this request for inspection was made shortly after 9:05 A.M. on the morning of May 18, 1955;

The Court Further Finds that said Inspectors furnished the defendant a copy of Section 704(a) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 374(a) and said statute was read aloud by the defendant in the presence of Inspectors Roberts and Hradil;

The Court Further Finds that Inspectors Roberts and Hradil, informed defendant that they would give him an opportunity to confer with counsel of his own choosing prior to their making the inspection, and the Court finds that defendant refused and declined to confer with counsel;

The Court Further Finds that said request for inspection was made at a reasonable time at defendant's business establishment at East St. Louis, Illinois;

The Court Further Finds that the defendant had at his place of business at said time and place a drug which was held by defendant for sale after said drug had been transported in interstate commerce from outside the State of Illinois into the State of Illinois, said drug being described by defendant to the Inspectors as "Formula 556" distributed by the "Indiana Botanic Gardens, Hammond, Indiana";

The Court Further Finds that at said time and place, the defendant volunteered the information to Inspectors Roberts and Hradil that he had customers in the State of Missouri to whom he customarily sold various drugs and herb remedies;

The Court Further Finds that the defendant refused to permit Inspectors Roberts and Hradil to make the requested inspection and that defendant threatened to forcibly prevent them from making said inspection;

The Court Further Finds that on June 17, 1943, the said defendant was convicted in the United States District Court for the Eastern District of Illinois, Docket No. 15928, of violation of the Federal Food, Drug and Cosmetic Act, which conviction had become final before the violation charged in this count was committed.

14. The Court Further Finds that as to Counts 1, 2, 3, 4, 5, 6, 7, 8, and 9, that the sales alleged in said counts were made by the defendant to inspectors of the Food and Drug Administration, and the Court finds that said Inspectors and the members of their families were not

afflicted with the diseases and conditions which they described to the defendant prior to the sales mentioned in said counts;

The Court Further Finds that said Inspectors did not intend that they should use or the members of their families should use the preparations which they purchased from the defendant;

The Court Further Finds that said Inspectors in making the purchases described in said Counts did nothing more than go to defendant's office and offer an opportunity for the defendant to make the sale of drugs described in said counts;

The Court Further Finds that at the various times alleged in said counts, the Inspectors did not request the defendant to sell to them any specific drug or remedy and the Court finds that said Inspectors did nothing more than describe a condition or affliction to the defendant and that thereafter the defendant offered the drugs and remedies to said Inspectors for sale.

■ 15. The Court Further Finds that as to Counts 1 through 11, of the indictment, in this cause, and each of them, that the Inspectors of the United States Food and Drug Administration did not entrap the defendant.

Upon the foregoing findings of fact, the Court now does state its

## Conclusions of Law

1. That it has jurisdiction of the parties hereto and the subject matter of this action.

■ 2. That "Herb Tonic Formula No. 1", "Herb Tonic Formula No. 3", "Herb Tonic Formula No. 4", "Formula No. 556" and "Cold Salve" are drugs within the meaning of 21 U.S.C.A. § 321(g) (2), because said drugs are intended for the cure, mitigation and treatment for the various diseases as set forth in the findings of fact.

■ 3. That "Herb Tonic Formula No. 2", "Herb Tonic Formula No. 3", "Herb Tonic Formula No. 4", "Formula No. 556" and "Cold Salve" have been

and were misbranded at the time of the sales herein and delivery for introduction into interstate commerce by the defendant within the meaning of 21 U.S.C.A. § 352(f) (1) because the labels on said drugs did not state the diseases and conditions for which the drug was to be used.

■ 4. By delivering misbranded drugs for introduction into interstate commerce, the defendant has been guilty of violating the provisions of 21 U.S.C.A. § 331.

■ 5. The refusal of the defendant to permit Inspectors Roberts and Hradil to make the inspection of his business establishment, after said inspectors had made lawful demand upon him, is a violation of 21 U.S.C.A. § 331(f).

It Is, Therefore, Ordered, Adjudged and Decreed, and this Court hereby finds, that the defendant, William H. Cruez, is guilty as charged in Counts 1 through 11 of the indictment in this cause and each of said counts.